Seth E. Chastain, WSBA NO. 43066
LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, WA 98101 (206) 673-2235
sechastain@levy-law.com

HONORABLE CHRISTOPHER M. ALSTON

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| IN RE: LEANNA MAY FRANKLIN, <br><br> Debtor. | Case No.: 19-13432-CMA <br><br> Chapter 7 <br><br> COMPLAINT |

For its causes of action, plaintiff-creditor, Island Gateway, LLC ("Plaintiff"), alleges the follow. Each allegation incorporates, by this reference, all preceding allegations contained herein.

## I. PARTIES

1. Plaintiff is a Washington Limited Liability Company that conducts business in Kitsap County, Washington.

2. Defendant Leanna May Franklin ("Debtor") is an individual residing in Kitsap County, Washington.

//

COMPLAINT - Page 1

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 19-13432-CMA    Doc 40    Filed 01/31/20    Ent. 01/31/20 17:01:10    Pg. 1 of 8

## II. JURISDICTION AND VENUE

3. On September 17, 2019, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Washington, Seattle.

4. This is an adversary proceeding in which Plaintiff is objecting to the Debtor's discharge under Bankruptcy Code §§ 727(a)(2)(A), 727(a)(3), 727(a)(4)(A) – (B), 727(a)(5), and 727(a)(6)(A).

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 727. This case is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(I) and 157(b)(2)(J).

## III. BACKGROUND FACTS

6. Plaintiff owns certain real property located at 100 Ravine Lane NE, Bainbridge Island, Washington (the "Property").

7. On or about August 1, 2019, undersigned counsel filed a Complaint in Kitsap County under Cause No. 19-2-02209-18 (the "Lawsuit") against Debtor and other parties, including Debtor's ex-spouse, Patrick Franklin.

8. In the Lawsuit, Plaintiff alleged Debtor was liable to Plaintiff on claims for breach of lease and breach of personal guaranty.

9. Debtor's counsel agreed to accept service of the Complaint on August 7, 2019.

10. Debtor appeared in the Lawsuit but did not answer the Complaint.

COMPLAINT - Page 2

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 19-13432-CMA    Doc 40    Filed 01/31/20    Ent. 01/31/20 17:01:10    Pg. 2 of 8

11. The Lawsuit arose from the Debtor's ownership of a company named Nines Society, LLC dba Temple Siren Day Spa & Tea Lounge ("Temple Siren"). Temple Siren intended to open a health and wellness spa on Bainbridge Island, Washington.

12. In the spring of 2018, Temple Siren began negotiating with Plaintiff to lease space at the Property.

13. On August 16, 2018, Debtor signed a lease agreement, which Plaintiff countersigned the following month.

14. Debtor took possession of the Property and began demolition work shortly thereafter.

15. On December 21, 2018, the parties signed an amendment providing for Debtor to lease additional space on the Property.

16. In the same month, Debtor's check to pay the security deposit was returned for insufficient funds, which was not corrected until January 15, 2019.

17. On February 18, 2019, in email correspondence to Debtor, Plaintiff itemized the various and significant costs Plaintiff would incur if Debtor breached the Lease Agreement, in addition to Debtor's then current rent obligations.

18. After several promises to return to the Property and continue construction, Debtor abandoned the Property.

19. On April 23, 2019, Debtor signed a surrender letter surrendering possession of the Property, leaving the Premises demolished and covered in rubbish.

20. To date, Debtor has failed to pay any amounts due under the Lease Agreement since February 2018.

COMPLAINT - Page 3

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

21. Attempts to recoup payments owing under the Lease Agreement from either Debtor or her ex-spouse have resulted in a denial by both parties of responsibility for such amounts.

22. On or about September 13, 2019, Debtor and her ex-spouse filed their final divorce order. That order referenced a separation agreement dated September 5, 2019 (the "Separation Agreement").

23. The Separation Agreement acknowledged that Debtor and her ex-spouse separated on October 1, 2018.

24. The Separation Agreement purportedly gave Debtor ownership of little, if any, assets from the marital community. Despite Debtor's name being on title to real property located on Bainbridge Island, Debtor purportedly transferred this real property to her ex-spouse for no compensation.

25. The Separation Agreement also stated that the "parties agree that neither party shall receive spousal support."

26. The Separation Agreement called for Debtor's ex-spouse to receive accounts and assets valued well over $1 million. However, the Separation Agreement provided Debtor with 100% ownership of Temple Siren, which owed hundreds of thousands of dollars to creditors, and all accounts and personal property in Debtor's name, if any. The Separation Agreement did not identify any accounts or personal property that Debtor would supposedly receive.

27. Debtor also assumed all debt related to Temple Siren.

28. Debtor filed bankruptcy four days after entry of the final divorce order in Kitsap County Superior Court under Cause No. 18-3-01291-18.

COMPLAINT - Page 4

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 19-13432-CMA    Doc 40    Filed 01/31/20    Ent. 01/31/20 17:01:10    Pg. 4 of 8

29. In her voluntary petition for bankruptcy, which Debtor signed under penalty of perjury, Debtor estimated her assets to be worth $0 - $50,000. Dkt. 1, Voluntary Petition, line 19.

30. In her initial schedules, Debtor represented she had no interest in any real property, no cash, a bank account containing only $500, no stocks, no retirement accounts, and no spousal support.

31. Debtor listed the total value of her personal property to be $1,750. Debtor also reported $0 current income, $) income for the last two years, and no community property. *See* Dkt. 12, Balance of Schedules.

32. Debtor filed an amended statement of financial affairs on October 7, 2019, but still listed $0 income for the past 2 years.

33. Debtor appeared for a creditors meeting on October 22, 2019.

34. At that meeting, and under oath, Debtor stated that she did not have an employer, she was not self-employed, and that all information in the voluntary petition and schedules was accurate.

35. She affirmed that she did not have any domestic support obligations.

36. She claimed she did not own real estate and claimed she "transferred" the Bainbridge Island real property to her ex-spouse. Debtor acknowledged she was still on title to this property, but the house was her ex-spouse's property even though she seemingly acknowledged that the house had hundreds of thousands of dollars in equity.

37. Debtor's "arrangement" with her ex-spouse was for Debtor to remain living in the house rent-free until the ex-spouse sold it. Debtor also remained in possession of vehicles that her ex-spouse paid for.

COMPLAINT - Page 5

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 19-13432-CMA    Doc 40    Filed 01/31/20    Ent. 01/31/20 17:01:10    Pg. 5 of 8

38. In response to questioning from the bankruptcy trustee, Debtor asserted that she took all the debt from the marriage and her ex-spouse took all the assets.

39. Debtor claimed that she received roughly $6,000 per month before her October 2018 separation from her ex-spouse. She claimed she received no spousal maintenance after her separation.

40. At the meeting, Debtor said she was not hiding anything and she would be more than happy to provide records showing where the money she received in the past few years went. Moreover, Debtor claimed she had zero living expenses and zero income.

41. The bankruptcy trustee continued the meeting of creditors to November 12, 2019.

42. On October 24, 2019, Debtor amended her schedules. She now listed the Bainbridge Island real property, but said its value was $0.

43. Debtor also listed a co-debtor, her ex-spouse. Debtor still maintained that she had $0 income over the last several years and she received only $2 in community property income over this period.

44. Debtor failed to appear at the November 12, 2019 meeting of creditors.

45. The meeting of creditors was rescheduled to December 10, 2019.

46. Debtor failed to appear at the December 10, 2019 meeting of creditors.

47. During this time, Debtor's counsel provided Plaintiff with some bank and other account records for Debtor from 2018 through May 2019.

48. When Debtor's counsel provided these records, he confirmed that Debtor's ex-spouse did, in fact, support her financially after their separation in October 2018.

COMPLAINT - Page 6

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 19-13432-CMA    Doc 40    Filed 01/31/20    Ent. 01/31/20 17:01:10    Pg. 6 of 8

49. Debtor's counsel said that Debtor's ex-spouse "sent money for a full year" after separation. In response to discovery requests, Debtor's ex-spouse also confirmed support payments to Debtor.

50. Debtor's bank account records confirmed she received deposits totaling well over $100,000 into her bank accounts after October 2018 that Debtor failed to disclose.

51. Despite repeated requests, Debtor failed to provide records of her accounts after May 2019.

52. The meeting of creditors was continued again to December 31, 2019. Debtor failed to appear at this meeting.

53. Debtor has not amended her schedules or corrected statements she made about her income.

## IV. CLAIMS

### A. NON-DISCHARGEABILITY

54. Debtor has concealed, destroyed, falsified, or failed to keep or preserve recorded information from which the Debtor's financial condition might be ascertained.

55. Debtor has knowingly and fraudulently made false oaths or presented or used false claims.

56. Debtor has failed to satisfactorily explain any loss of assets or deficiency of assets to meet the Debtor's liabilities.

57. Debtor has repeatedly failed to attend scheduled creditors meetings.

58. Debtor should not receive a discharge.

//

COMPLAINT - Page 7

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 19-13432-CMA    Doc 40    Filed 01/31/20    Ent. 01/31/20 17:01:10    Pg. 7 of 8

## V. REQUEST FOR RELIEF

Plaintiff respectfully request that this Court enter a judgment denying the Debtor's discharge and granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated this 31st day of January 2020.

LEVY | VON BECK | COMSTOCK | P.S.

By: *[signature]*
Katie J. Comstock, WSBA No. 40637
Seth E. Chastain, WSBA No. 43066
Tyler D. Kerr, WSBA No. 46993
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
T/F: 206.626.5444
katie@levy-law.com
sechastain@levy-law.com
tyler@levy-law.com
*Attorneys for Plaintiff Island Gateway, LLC*